IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

LORRAINE M. RAMOS, et al.,

Plaintiffs,

v.

BANNER HEALTH, at al.,

Defendants.

Case No.: 1:15-cv-02556-WJM-MJW

Honorable William J. Martinez

Magistrate Judge Michael J. Watanabe

STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

( Docket No 27-1 )

Upon a showing of good cause in support of the entry of a protective order to protect the

discovery and dissemination of confidential information, IT IS HEREBY ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information (collectively, "Discovery

Materials") disclosed pursuant to the disclosure or discovery duties created in this Action by the

Federal Rules of Civil Procedure.

2.      As used in this Protective Order, the term "document" shall mean all documents,

electronically stored information, and tangible things within the scope of Fed.R.Civ.P.

26(a)(1)(A)(ii) and 34(a)(1). A draft or non-identical copy is a separate document within the

meaning of this term.

3.      Discovery Materials containing PROTECTED HEALTH INFORMATION

pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), codified

primarily at 18, 26 & 42 U.S.C. (2003), and the Standards for Privacy of Individually Identifiable

Health Information, defined in 45 C.F.R. § 160.103 & 164.501 (2003), may include, without limitation, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

4.      Each instance of PROTECTED HEALTH INFORMATION will be redacted from documents that are produced to the opposing party with an indication that the redaction was made to protect this information. Counsel shall take all reasonable steps to ensure that PROTECTED HEALTH INFORMATION is not used or disclosed during this litigation.

5.      Discovery Materials that the producing party reasonably believes in good faith to include personal information, trade secrets, or sensitive strategic, technical, marketing or financial information that the producing party reasonably fears competitive injury resulting from the public disclosure of such information, may be designated as "CONFIDENTIAL" by the party producing or disclosing the information. Information that is available to the public shall not be designated CONFIDENTIAL.

6.      If any party determines during the course of this action that this Order does not sufficiently protect the confidentiality of information produced or disclosed, it may seek to modify this Order with the agreement of the other parties. If such agreement cannot be obtained, any party may seek modification of this Order by motion to the Court.

7.      Discovery Materials designated as CONFIDENTIAL shall not be disclosed or used for any purpose except in the preparation and trial of this case (including any appeal) in accordance with this Protective Order.

- 2 -

8.      Discovery Materials designated as CONFIDENTIAL shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

a.      attorneys actively working on this case;

b.      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.      the parties;

d.      witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is appropriate in conducting discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony;

e.      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

f.      data recovery vendors, graphic consultants or outside copy services;

g.      qualified persons taking testimony involving such material and necessary stenographic and clerical personnel;

     h.     the Court and its employees ("Court Personnel"); and

     i.     other persons by written agreement of all the parties.

In addition, if the parties mutually agree or upon motion to this Court by the Department of Labor and Order by this Court, the Department of Labor may have access to and use of particular Confidential Information for a particular purpose.

     9.     Prior to disclosing Discovery Materials designated as CONFIDENTIAL to any person listed above (other than the individuals listed in paragraphs 5(g and h )), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

     10.     Whenever a deposition involves the disclosure of Discovery Materials designated as CONFIDENTIAL , the deposition or portions thereof shall be designated as CONFIDENTIAL, respectively, and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

     11.     In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) business days of receipt, and identify the information

- 4 -

by bates label or, where not bates labeled, by document title and page number(s) or page and line number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

12.    A party may, but is not obligated to, object to the designation of particular Discovery Materials designated as CONFIDENTIAL by giving written notice to the party designating the disputed information. If challenged, the written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection through meet-and-confer, within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within five days after the conclusion of that meet-and-confer process. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13.     In the event it is necessary for the parties to file Discovery Materials designated as CONFIDENTIAL with the Court, the information shall be filed as Level 1 Restricted documents in accordance with the requirements of D.C.COLO.LCivR 7.2.

14.     The Court, its staff, the parties, and counsel for the parties shall have access to any information designated as CONFIDENTIAL submitted as a Level 1 Restricted document in connection with this matter. To the extent practicable, information designated as CONFIDENTIAL shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may be freely disseminated.

15.     Pursuant to the entry of this Protective Order by the Court, neither the attorney-client privilege nor the work product protection is waived by disclosure connected with this litigation. It is so Ordered that the disclosure of privileged, work product protected or other protected information is not a waiver in the pending case or in any other federal or state proceeding or arbitration. The disclosure of documents, information, or materials in this litigation as part of a production shall not itself constitute a waiver for any purpose. A Producing Party which seeks the return of documents under this section may request the return of documents which should have been withheld on the basis of the attorney-client and/or work product protection. Upon receipt of such a request for return, the Party to whom the documents were produced must segregate the documents (and all copies thereof) and may return, sequester, or destroy them within five (5) business days. All images of withheld privileged information and any notes or communications reflecting the content of such documents shall either be destroyed or sequestered

16.     This Protective Order shall by agreement of the parties and by Order of the Court establish the Parties' intention to retain the confidentiality of all privileged materials; constitute an acknowledgement that each Party has taken reasonable precautions to prevent disclosure; and operate as an order concerning waiver under, and in a manner otherwise affording the maximum protection allowed by, Federal Rule of Evidence 502(c, d, and e) and analogous law and rules of any other state or court.

17.     The notification that a document was inadvertently produced which the Producing Party has asserted a claim of privilege or protection as set forth above shall be without prejudice to the receiving Party's right, within 10 business days of such notification, to seek an order from the Court directing the production of the document on the ground that the claimed privilege or protection is invalid or inapplicable; provided, however, that the fact of the production of the document in the course of this action shall not constitute grounds for asserting invalidity or waiver of the privilege or protection.

18.     At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party or non-party that designated it CONFIDENTIAL, or the parties may elect to destroy the information. Where the parties agree to return the information designated CONFIDENTIAL, the returning party shall provide all parties a written certification of counsel confirming that all information designated CONFIDENTIAL has been returned. Where the parties agree to destroy information designated as CONFIDENTIAL, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all information designated as CONFIDENTIAL. This

provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL in this case.

19.    This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any permissible grounds. Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

20.    Neither this Protective Order nor a party's designation of particular Discovery Materials as CONFIDENTIAL shall be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any Discovery Materials covered by this Protective Order.

21.    If any party in possession of information designated as CONFIDENTIAL is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking production of information designated as CONFIDENTIAL, the receiving party shall give written notice, by electronic mail to the undersigned counsel for the party that produced the information designated as CONFIDENTIAL.  To the extent permitted by applicable law, the receiving party shall not produce any of the producing party's information designated as CONFIDENTIAL for a period of at least fourteen days after providing the required notice to the producing party. If, within fourteen days of receiving such notice, the producing party provides written notice to the receiving party that it opposes production of its information

designated as CONFIDENTIAL, the receiving party shall not thereafter produce such

information, except pursuant to a court order (or other order which subjects the party to penalties

for noncompliance) requiring compliance with the subpoena, request for production, or other

legal process. The producing party shall be solely responsible for asserting any objection to the

requested production. The receiving party shall provide a copy of this Order to the Third-Party

requesting production of information designated as CONFIDENTIAL. Nothing herein shall be

construed as requiring the receiving party or anyone else covered by this Order to challenge or

appeal any such order requiring production of information designated as CONFIDENTIAL

covered by this Order, or to subject itself to any penalties for noncompliance with any such

order, or to seek any relief from a court.

22.     The terms of this Protective Order shall survive the termination of this action, and

all protections of this Protective Order shall remain in full effect in perpetuity.

23.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this _____ day of _____, 2016

s/ Troy A. Doles
Jerome J. Schlichter
Michael A. Wolff
Troy A. Doles
Heather Lea
Kurt C. Struckhoff
Schlichter Bogard and Denton, LLP
100 South 4th Street, Suite 650
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-7151
jschlichter@uselaws.com
mwolff@uselaws.com
tdoles@uselaws.com
hlea@uselaws.com

*Counsel for Plaintiffs*

s/ Julie A. Govreau
Theodore M. Becker
Julie A. Govreau
DRINKER BIDDLE & REATH, LLP
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606
Phone: (312) 569-1000
Fax: (312) 569-3000
Theodore.Becker@dbr.com
Julie.Govreau@dbr.com

*Counsel for Defendants*

DONE AND ORDERED THIS ___3ʳᵈ___ day of ___February___, 2016

_____
Magistrate Judge Michael J. Watanabe

- 10 -

**EXHIBIT A**

**AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE STIPULATED PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge I have read the Stipulated Protective Order (the "Order") in *Lorraine M. Ramos et al. v. Banner Health, et al.,* Civil Action No. 1:15-cv-02556-WJM-MJW, United States District Court for the District of Colorado. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Order.

_____

Full Name, Title

_____              _____

Signature                                                          Date