IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-2556-WJM-MJW

LORRAINE M. RAMOS, *et al.*,

    Plaintiffs,

v.

BANNER HEALTH, *et al.*,

    Defendants.

**ORDER DENYING MOTION TO DISMISS**

In this action brought pursuant to 29 U.S.C. § 1132 under the Employee Retirement Income Security Act of 1974 ("ERISA"), Plaintiffs Lorraine M. Ramos and others bring a putative class action against numerous Defendants including, as relevant here, Banner Health and numerous of its officers or employees (collectively, "Banner Health"), and against Jeffrey Slocum & Associates, Inc. ("Slocum"). Now before the Court is Slocum's Motion to Dismiss Counts I and II of the Amended Complaint. (ECF No. 182.) For the reasons explained below, Slocum's Motion is denied.

**I. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such

a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## II. FACTUAL ALLEGATIONS

The Court assumes the following facts taken from Plaintiffs' Amended Complaint (ECF No. 118) to be true for purposes of resolving Slocum's Motion to Dismiss.

Plaintiffs are current and former Banner Health employees who reside in Colorado. (ECF No. 118 ¶¶ 20–26.) During relevant time periods, Plaintiffs were participants in Banner Health's employee 401(k) plan (the "Plan"). (*Id.* ¶¶ 1, 20–26.) The Plan qualifies as an "employee pension benefit plan" under 29 U.S.C. § 1002(2)(A) and an "individual account plan" or "defined contribution plan" under 29 U.S.C. § 1002(34). (*Id.* ¶ 8.) Pursuant to 29 U.S.C. § 1102(a)(1), the Plan is established by a written plan document, which has been amended and restated over the years. (*Id.* ¶ 7.)

The Plan provides for the Banner Health Retirement Plans Advisory Committee (the "Committee") to advise Banner Health with respect to Plan investments and

2

administration.  (*Id.* ¶ 29.)[1]  Committee members are appointed, and may be removed, by Banner Health's CEO.  (*Id.*)  The Plan document and its "Statement of Fiduciary Duties and Procedures and Investment Objectives and Policies" (the "IPS") provide that the Committee is responsible for all investment and administrative functions, including selecting and removing Plan investment options and selecting an independent investment consultant to evaluate and make recommendations regarding the Plan investment options.  (*Id.* ¶ 30.)

Banner Health is the named fiduciary of the Plan under 29 U.S.C. § 1102(a), and the Committee acts as the Plan administrator, but may appoint another committee or individual to perform Plan administrative functions.  (*Id.* ¶¶ 27, 32.)  Plan assets are held in trust by a trustee appointed by Banner Health.  (*Id.* at 12.)  As of December 2007, Banner entered into a Trust Agreement with Fidelity Management Trust Company.  (*Id.* ¶ 12.)  Pursuant to this 2007 Trust Agreement, Fidelity has provided recordkeeping and administrative services to the Plan.  (*Id.* ¶ 13.)[2]

Slocum is a third-party investment consultant hired by Banner Health.  Because the allegations regarding Slocum's role are central to the present Motion, the Court reproduces this portion of Amended Complaint in full:

> Defendant Jeffrey Slocum & Associates, Inc. serves as an independent third-party investment consultant hired by

---

[1] The Committee was previously denominated as the Banner Health Defined Contribution Plan Committee.  (ECF No. 18 ¶ 29.)

[2] Other entities affiliated with Fidelity, and generally operating together as Fidelity Investments have also provided services to the Plan over time.  The Court herein refers to all of these entities collectively as "Fidelity," which for present purposes is mostly interchangeable with the Fidelity Management Trust Company.  (*See* ECF No. 118, ¶ 13.)

3

> Banner Health to function as a fiduciary with respect to the investment and administration of the assets of the Plan and other Banner Health corporate assets and sponsored retirement plans. In this role, Slocum conducted an ongoing review of the applicable investment policy statement that governed the investment of assets held in Banner Health's 401(k) plans, defined benefit plans, supplemental executive plans, as well as Banner Health's other corporate assets. Under the applicable IPS, Slocum was charged with the ongoing review of the investment options in the Banner Health-sponsored retirement plans, including the Plan. Slocum was also responsible for performing investment manager evaluations and searches when an investment manager was added to the Banner Health plans. During the transition to the selected investment manager, Slocum also assisted in [*sic*] the Committee in negotiating fees, among other duties. Slocum performed ongoing investment consulting services, such as providing written investment performance evaluations on a quarterly basis to the Committee, and performed asset liability and allocation evaluations. In performing investment services on behalf of the Plan, Slocum received a fee paid directly from Plan assets.
>
> Under the agreement between Slocum and Banner Health dated June 28, 2010, and as confirmed by the Plan's IPS, Slocum acknowledges that it is a "fiduciary within the meaning of section 3(21)(A)(ii) of ERISA [29 U.S.C. § 1002(21)(A)(ii)] with respect to the Defined Benefit and 401(k) Plans." During all relevant time periods applicable to Plaintiffs' claims, Slocum has functioned as a fiduciary to the Plan. Based on the services performed on behalf of the plan, Slocum is a fiduciary to the Plan because it rendered investment advice for a fee with respect to Plan assets, or had responsibility to do so. 29 U.S. C. § 1002(21)(A)(ii).

(ECF No. 118 ¶¶ 37–38 (brackets in original).)

As relevant here, Plaintiffs bring two counts against Slocum for breach of the duties of loyalty and prudence, and for violation of Plan documents. (*See generally id.* ¶¶ 120–139.) In Count I, Plaintiffs allege that Banner Health and Slocum breached their duties by allowing excessive administrative fees to be charged to Plan participants.

4

(*Id.* ¶¶ 120–130.) In Count II, Plaintiffs allege the Defendants breached their duties and violated Plan documents by making imprudent investment options available for Plan participants to invest their retirement savings. (*Id.* ¶¶ 131–139.) Plaintiffs' more specific theories and allegations supporting these claims are analyzed below.

### III. ANALYSIS

At the outset, it bears emphasis that Slocum does not dispute that it had fiduciary duties to Plan participants. (ECF No. 181 at 4.) Rather, Slocum argues that Plaintiffs have not alleged breaches of fiduciary duties that arose within the areas of responsibility or actions for which Slocum—rather than Banner Health or the Committee—had fiduciary responsibilities. (See ECF No. 181 at 6.) Thus, the thrust of Slocum's arguments is that the Amended Complaint either does not adequately allege breaches of duty within the areas of Slocum's responsibility, or, viewed another way, that the Amended Complaint does not adequately allege that Slocum had any responsibilities over the actions or decisions which Plaintiffs allege were breaches of duty. With that in mind, the Court addresses each of Plaintiffs' disputed Counts in turn.

**A.    Count I:  Excessive Administrative Fees**

1.    Plaintiffs' Allegations

As relevant here, Plaintiffs' first Claim regarding excessive administrative fees rests on three broad factual theories. First, Plaintiffs allege that Banner Health (advised by Slocum) failed to engage in a competitive bidding process in retaining Fidelity as the Plan's recordkeeper. (ECF No. 118 ¶ 65.) Further, Plaintiffs allege that the cost of providing recordkeeping services depends on the number of Plan participants, but that

5

Banner Health paid Fidelity based on the value of assets under management, rather than based on the number of participants, thus unreasonably inflating the fees paid to Fidelity in relationship to the services provided.  (*Id.* ¶¶ 66–67.)  On this theory, Plaintiffs allege that "Slocum expressly recognized that a fixed per-participant fee to limit the recordkeeper's compensation . . . . aligns closely with the recordkeeping cost structure . . . and represents a fiduciary best practice," but that "Slocum recommended investment options to be included in the Plan based, in part, on the asset-based fees these options provided to compensate Fidelity for recordkeeping and administrative services," and that "Banner Health . . . and Slocum caused the Plan to pay Fidelity with uncapped asset-based fees."  (*Id.* ¶¶ 66, 67.)

Second, Plaintiffs allege that certain mutual funds which Fidelity offered in the Plan engaged in revenue sharing by which the mutual funds paid back part of their asset-based fees to Fidelity.  (*Id.* ¶¶ 68–72.)  Plaintiffs allege that at least some of these arrangements were effectively "kickbacks" to Fidelity for including the funds in the Plan's investment lineup (*id.* ¶ 69) and that Banner Health "failed to adequately monitor all sources of Fidelity's compensation . . . further causing the Plan to pay excessive recordkeeping and administrative fees" (*id.* ¶ 70).

Third, Plaintiffs allege that Banner Health and Slocum permitted Fidelity to offer Plan participants its "Portfolio Advisory Service," marketed as "an independent discretionary investment management service" to advise Plan participants "how to invest their retirement savings among the Plan's investment options."  (*Id.* ¶ 19.)  Plaintiffs allege that the fees charged for this service provided additional unreasonable

6

fee revenue to Fidelity and that Banner Health and Slocum "failed to engage in a prudent and loyal process to ensure that the expenses paid" for this service "were reasonable for the services provided." (*Id.* ¶ 125.)

Given these factual allegations, Count I alleges that Banner Health and Slocum, "failed to engage in a prudent and loyal process to ensure that the compensation paid to Fidelity and to Banner Health was reasonable for the administrative services provided," that Banner Health and Slocum "failed to prudently and loyally monitor the amount" of "uncapped, asset-based revenue sharing" payments to Fidelity, and that Slocum "recommended investment options . . . based, in part, on the asset-based fees paid to Fidelity . . . thus securing the unreasonable fees paid by the Plan for recordkeeping services." (*Id.* ¶ 123.)

2.  Analysis

Slocum first argues that the Complaint's allegations establish that it was the Committee, rather than Slocum, that was responsible for appointing and monitoring the Plan's trustee and recordkeeper, that is, Fidelity. (ECF No. 181 at 7.) Citing paragraphs 37 and 38 of the Amended Complaint (quoted *supra*), Slocum argues that in contrast to the allegations pled regarding the Committee's responsibility, these allegations "make no mention of 'recordkeeping' or 'administrative fees.'" (ECF No. 181 at 7.) And, Slocum objects that the Amended Complaint does not specifically describe what "supposedly unlawful process Slocum employed to monitor the Plan's administrative fees." (*Id.*)

The Court finds these arguments unavailing. The Amended Complaint, as detailed above, plausibly alleges that Slocum had responsibility for at least some

7

aspects of setting, negotiating, or monitoring the fees charged by and paid to Fidelity, and plausibly alleges that Slocum breached its fiduciary duties of prudence and loyalty. In particular, the Complaint plausibly alleges that "Slocum was . . . responsible for performing investment manager evaluations and searches," and that "[d]uring the transition to the selected investment manager, Slocum also assisted in [*sic*] the Committee in negotiating fees." (ECF No. 118 ¶ 37.) Plaintiffs also support these allegations with docketed agreements consistent with the language of the Amended Complaint, tending to show that Slocum agreed in 2010 and 2014 that its services included assisting Banner in evaluating and selecting investment managers, and, upon selection, assistance in "negotiating fees." (ECF No. 202-1 at 2; ECF No. 202-2 at 2.)[3]

Slocum replies that it did *not* have responsibility or control for negotiating fees, that the IPS did *not* give Slocum such responsibilities, that the agreements referenced by Plaintiffs "primarily concern[ed] 'Funds' unrelated to the Plan," that the IPS was the controlling document, rather than these agreements, and that at most these agreements show Slocum had responsibility in a "transition process," which may have never occurred because the Amended Complaint does not allege that the Committee requested Slocum's assistance in selecting new or replacement mutual funds. (ECF No. 211 at 3.)

The Court finds that Slocum's arguments on these points tend to show, at most, that there are likely to be contested facts and evidence regarding the scope of Slocum's

---

[3] Certain documents filed and cited by the parties in support are docketed under Restriction pursuant to the Protective Order. (ECF No. 30.) To the extent such materials are cited or summarized herein, the Court has concluded the portions summarized do not meet the criteria for restriction under D.C.COLO.LCivR 7.2.

responsibilities. These issues might be amenable to resolution at the summary judgment phase, but they do not defeat the sufficiency of Plaintiffs' allegations under a Rule 12(b)(6) analysis. Even assuming Plaintiffs may later be unable to prove their allegations, that does not call for dismissal at this juncture of the litigation under Rule 12(b)(6). *Dias,* 567 F.3d at 1178. If anything, the present dispute regarding the interpretation and significance of competing documents tends to show that this is a matter that is *not* amenable to dismissal at this stage, when the Court must treat Plaintiffs' well-pled factual allegations as true, *and* must view those factual allegations in the light most favorable to Plaintiffs. *Schneider*, 493 F.3d at 1177.

Slocum also argues, generally, that its communications and reports to Banner Health tend to show that Slocum made recommendations consistent with the allegations and criticisms in the Amended Complaint regarding the risks of revenue sharing arrangements and of basing administrative fees on asset value rather than the number of participants. (*See* ECF No. 181 at 8–9; ECF No. 181-1.) In other words, Slocum argues generally that it gave good advice, which the Committee perhaps did not follow, but that the documents it provides tend to disprove Plaintiffs' contrary allegations. The Court again finds that these arguments fundamentally raise factual and evidentiary disputes that are not properly resolved on a Rule 12(b)(6) motion.

And, to the extent Slocum argues the Amended Complaint lacks specific allegations of *how* Slocum failed to monitor the Plan's administrative fees (ECF No. 181 at 7), the Court finds the Amended Complaint sufficiently specific and plausible on this issue. Since the overarching allegation is about what Slocum did *not* do, the Court

9

does not find it necessary for Plaintiffs to have alleged in greater detail how it was in fact that Slocum did not do it.

Moreover, at bottom, Slocum's arguments dispute where its fiduciary responsibilities began and ended. It is generally true, as Slocum argues, that "an entity is only a fiduciary to the extent it possesses authority or discretionary control." (ECF No. 211 at 4 (quoting *Renfro v. Unisys Corp.*, 671 F.3d 314, 321 (3d Cir. 2011).) But on the record presented here, the Court agrees with those courts that have found it inappropriate to dismiss claims under Rule 12(b)(6) where doing so turns on the typically fact-driven analysis regarding the scope and extent of a defendant's fiduciary duties, and those facts are either disputed or, at a minimum, not well developed. *See Woods v. S. Co.*, 396 F. Supp. 2d 1351, 1365 (N.D. Ga. 2005) ("There may indeed be instances in which an ERISA plaintiff's allegations respecting a particular defendant's fiduciary status are so 'conclusory' that a court need not afford them credence when determining whether the plaintiff has stated a claim for relief. Nevertheless, in light of the flexible and fact-intensive concept of a 'functional fiduciary' under ERISA, the Federal Rules' adoption of liberal 'notice pleading,' and the infant stage of this litigation, the Court is reluctant to dispose of Plaintiff's ERISA claims based on the absence of exacting factual averments respecting the existence of Defendants' fiduciary status or the outer contours of their fiduciary capacities." (collecting cases)); *In re Elec. Data Sys. Corp. ""ERISA" Litig.*, 305 F. Supp. 2d 658, 665 (E.D. Tex. 2004) ("It is typically premature to determine a defendant's fiduciary status at the motion to dismiss stage of

the proceedings. The issue of fiduciary status is a mixed question of law and fact.").[4]

In sum, the Court finds that Plaintiffs have plausibly pled factual matters which, taken as true, show that Slocum held at least co-fiduciary responsibility for some aspects of the selection and monitoring of the Plan's trustee and/or recordkeeper, as well as for negotiation of at least some of the administrative fees. This is sufficient to defeat Slocum's Motion to Dismiss. *See Pueblo of Jemez v. United States*, 790 F. 3d 1143, 1171-72 (10th Cir. 2015) (Rule 12(b)(6) pleading requirement only need bring allegations rising "above the speculative level"); *In re Westar Energy, Inc.*, 2005 WL 2403832, at *15 (D. Kan. Sept. 29, 2005) (denying motion to dismiss; noting "co-fiduciary liability can be established by facts showing that the fiduciary enabled other fiduciaries in the breach of their respective duties"). And, since Plaintiffs pled all of their more specific factual theories regarding administrative fees as a single count, the Court's finding of sufficient allegations to state a claim is sufficient to resolve Slocum's Motion as to Count I, and the Court need not address Plaintiffs' additional factual theories in detail at this stage.

---

[4] On this point, the Court is not persuaded by Slocum's argument that the Amended Complaint ought to have been more specific in light of the document discovery completed by Plaintiffs to date. (See ECF No. 181 at 7–8.) Initially, the parties have had substantial discovery disputes, making it unclear to the Court what materials were available to Plaintiffs at what times. Moreover, as reviewed above, those documents which the parties have submitted as to Slocum's Motion tend to show that Defendants may have arguments cognizable at the summary judgment phase but do not demonstrate that Plaintiffs' claims are insufficient under Rule 12(b)(6). It is true that the Court may consider documents outside the pleadings if they (1) are "mentioned in the complaint," (2) are "central to [the] claims [at issue]," and (3) are not challenged as inauthentic." *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013). Here, however, the competing documents tend to show that matters "central to the claims" are in dispute, rather than demonstrating that Plaintiffs' claims are insufficiently pled.

**B.     Count II: Imprudent Investment Options**

1.     Plaintiffs' Allegations

As to Count II, Plaintiffs allege that Banner, as advised by Slocum, provided investment options within the Plan that were imprudent in several regards. Without exhausting Plaintiffs' allegations, the Court summarizes that Plaintiffs allege the Plan included an excessive number of mutual funds (over 400), provided through Fidelity, and that many of these had "poor historical performance relative to other investment options that were readily available," and had "expense ratios far in excess of other options available to the Plan." (ECF No. 118 ¶ 132.)

Plaintiffs allege that Banner Health, advised by Slocum, retained underperforming funds, and made investment decisions that "would drive revenues and profits to Fidelity." (*Id.*) Among other more specific factual allegations, Plaintiffs allege that by including so many mutual funds rather than focusing on fewer options, Defendants exposed Plan participants to higher fees and expense ratios which could have been avoided by consolidating assets into fewer investment vehicles, and thus being eligible for, or able to negotiate, lower fees and expenses. (*See id.* ¶ 57.)

As to Slocum, Plaintiffs allege that its actions included "the nearly exclusive consideration and use of both Fidelity and non-Fidelity mutual funds with expense ratios far in excess of other options," that by failing to monitor Plan options, Slocum led the Plan to improperly retain underperforming funds, and thereby "failed to discharge [its] duties with respect to the Plan solely in the interests of the participants and beneficiaries." (*Id.* ¶¶ 132, 133.)

2. <u>Analysis</u>

Slocum argues that it had no responsibility for monitoring the hundreds of mutual funds offered through the Plan. Slocum argues that the Plan was structured to offer eight "core funds" and "target-date" funds, and that the hundreds of mutual fund offerings on which Plaintiffs focus were made available through a "Mutual Fund Window," for which Slocum argues it had no responsibilities or fiduciary duties. (ECF No. 181 at 11–12.) Slocum correctly points out that the Amended Complaint does not even mention the "mutual fund window," or distinguish the responsibilities held by the Committee and by Slocum with regard to the mutual fund offerings from the Plan's "core" or "target-date" offerings. (ECF No. 181 at 11.) Slocum cites to terms of the IPS document, which was not attached to the Amended Complaint, but was referenced in it. (ECF No. 181-2.)

But while Slocum argues these omissions in the Amended Complaint are "artful pleading" demonstrating the deficiency of Plaintiffs' claims, the Court instead finds that Slocum's arguments again seek to disprove Plaintiffs' allegations on their merits or to put into evidence facts beyond what Plaintiffs have pled. This again demonstrates that Plaintiffs' allegations may be contested, but not that they are implausible or insufficiently pled as a matter of law under Rule 12(b)(6). Even if it is true that Slocum may have evidence to disprove Plaintiffs' claim that it had at least shared responsibilities to evaluate the Fund's mutual fund offerings, such questions of proof are not properly resolved on a motion brought under Rule 12(b)(6). It is evident to the Court that granting Slocum's Motion on this basis would require it to treat the documents submitted by Slocum as evidence defeating the factual allegations of the

13

Amended Complaint, rather than treating Plaintiffs' well-pled factual allegations as true. *Schneider*, 493 F.3d at 1177. Again, this may be a well grounded argument at a later stage of litigation, but the Court finds it misses the mark on a motion brought pursuant to Rule 12(b)(6).

Moreover, as noted above, given the state of the record in this case, the Court finds it would be inappropriate to conclusively determine, by relying almost exclusively on the pleadings and few documents presented, the scope of Slocum's fiduciary responsibilities vis-à-vis the Fund's mutual fund offerings. *See Woods,* 396 F. Supp. 2d at 1365; *In re Elec. Data Sys. Corp. ERISA Litig.*, 305 F. Supp. 2d at 665.

And, as with Count I, since the Court finds that Plaintiffs have sufficiently pled a claim for breach of duties of loyalty and prudence by plausibly alleging that Slocum had at least co-fiduciary responsibility for insufficient monitoring or selection of the Fund's mutual fund offerings, the Court need not address in detail each of the other possible factual theories which might support Plaintiffs' claims under Count II.

## IV. CONCLUSION

For the reasons stated above, Defendant Jeffrey Slocum & Associates, Inc.'s Rule12(b)(6) Motion to Dismiss Counts I and II of the Amended Complaint (ECF No. 182) is DENIED.

Dated this 29th day of September, 2017.

BY THE COURT:

William J. Martinez
United States District Judge