IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

LORRAINE M. RAMOS *et al*.,

Plaintiffs,

v.                                                    No. 1:15-cv-02556-WJM-MJW

BANNER HEALTH *et al*.,

Defendants.

## PLAINTIFFS' MOTION TO PARTIALLY MODIFY CLASS CERTIFICATION ORDER

Pursuant to Rule 23(c)(1)(C), Plaintiffs move the Court to partially modify the Order

Granting in Part Motion for Class Certification (Doc. 296), to the extent the Court denied class

certification as to Plaintiffs' claims against Jeffrey Slocum & Associates, Inc. ("Slocum"). Doc.

296 at 26–27, 31. Defendants raised the Slocum issue for the first time in their supplemental

brief, which was supposed to be limited to a narrow issue related to advertising. Doc. 290 at 7–8;

*see* Doc. 276 at 2. As the Court observed, "Defendants' supplemental briefing *expands* their

argument that the named Plaintiffs are insufficiently familiar with their claims[.]" Doc. 296 at 21

(emphasis added). Accordingly, the Court based its decision on a one-sided presentation of

fragments of the named Plaintiffs' depositions, to which Plaintiffs had no opportunity to respond.

Contrary to Defendants' portrayal of Plaintiffs as completely ignorant, several of the

Plaintiffs, at a minimum, are sufficiently knowledgeable of Slocum's role to adequately represent

the class as to claims against Slocum. Moreover, Defendants cited no authority suggesting that a

plaintiff's adequacy should be analyzed on a defendant-by-defendant basis, which likely explains

the omission of such an argument from Defendants' opposition.

For these reasons, as explained below, the Court should exercise its broad discretion under

Rule 23(c) to modify the order, and certify the claims against Slocum as a class action.

## I.      Standard of Review.

"An order that grants or denies class certification may be altered or amended before final judgment." Fed.R.Civ.P. 23(c)(1)(C). An initial certification order is "is a preliminary one," and may be amended during the course of the litigation as circumstances warrant. *DG v. Devaughn*, 594 F.3d 1188, 1201 (10th Cir. 2010); *Beltran v. InterExchange, Inc.*, No. 14-cv-03074-CMA-CBS, 2018 U.S.Dist.LEXIS 49925, *12 (D.Colo. Mar. 27, 2018)(certification decision is "inherently tentative")(quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)).

In contrasts to the typical standard for a motion for reconsideration, a motion to modify a class certification order "need not satisfy a heightened standard of review." *Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 438 (D.N.M. 2015). "When a district court certifies a class action, it has an ongoing responsibility to modify or decertify the class as the need arises, and there is no presumption against doing so if the circumstances warrant." *Id.* at 439 n.16. Rather, modification is appropriate if the movant provides a sufficient "reason for the court to change its conclusion." *Whitton v. Deffenbaugh Disposal, Inc.*, No. 12-2247, 2015 U.S. Dist. LEXIS 20938, *8 (D. Kan. Feb. 23, 2015)(citations omitted).

## II.     Plaintiffs are adequate class representatives as to claims against Slocum.

### A.      Plaintiffs did not have an opportunity to address Defendants' belated argument that Plaintiffs' Slocum-related knowledge was inadequate.

The primary opposition to class certification was filed by Banner. Doc. 245. That brief did not mention "Slocum." *Id*. Banner argued that the Plaintiffs lacked knowledge of the case *generally* because they were purportedly "disinterested" and "uninformed" investors, but made no argument that knowledge of *Slocum's* role was somehow relevant to adequacy. *Id*. at 8–13.

Slocum filed its own opposition to class certification (Doc. 247), meaning it had ample opportunity to argue that a lack of Slocum-related knowledge rendered Plaintiffs inadequate, if there were authority for such an argument. While Slocum asserted in a footnote that certain of the Plaintiffs had not heard of Slocum before their involvement in the case (*id.* at 2 n.1), Slocum did not argue that this was relevant to the adequacy of the named Plaintiffs. Instead, Slocum mostly joined in Banner's arguments. *Id.* at 3 (¶7). The few Slocum-specific arguments that Slocum raised had nothing to do with the Plaintiffs' knowledge about Slocum. *Id.* at 4 (¶8(b)).

Consequently, Plaintiffs' reply focused on Banner's argument regarding the Plaintiffs' knowledge of the case generally. Doc. 252 at 1–5.

On March 1, 2018, the Court direct to parties to submit supplemental briefs not to exceed 8 pages "**exclusively** addressing the question of the adequacy of the class representatives, if it is the case that *all* of the named Plaintiffs are pursuing claims against Defendants only in response to, and as a result of, counsel's solicitation." Doc. 276 at 2 (bold added). Beginning in the middle of page 7 of their 8-page supplemental brief, Defendants asserted for the first time that Plaintiffs could not "adequately represent a class against Slocum" because they lacked knowledge of what Slocum did "aside from what their attorneys told them" and did not understand "the legal claims they made against Slocum." Doc. 290 at 7–8. The Court in fact noted that Defendants had "expand[ed] their argument that the named Plaintiffs are insufficiently familiar with their claims[.]" Doc. 296 at 21.

**B.     Plaintiffs are adequate representatives for all claims in this case, because they have devoted significant time and effort to the case as a whole.**

In addressing the adequacy issue in the class certification order, the Court found "that the correct analysis is not '[w]hether . . . the class representative is familiar with the specifics of the

complaint,' but is instead directed at 'the more critical question of whether that individual will adequately represent the claims of the class by devoting time and effort to the lawsuit.'" Doc. 296 at 21–22 (quoting *City P'ship Co. v. Jones Intercable, Inc.*, 213 F.R.D. 576, 584 (D. Colo. 2002)). The Court also found "that since contacting counsel each of the named Plaintiffs has invested time and effort in this litigation, including by meeting with counsel, reviewing the complaint before it was filed, preparing and sitting for depositions, and maintaining contact with counsel." *Id.* at 22–23.

The Court included the finding as to Plaintiffs' "time and effort" in the Court's analysis of "Adequacy as to Banner." *Id.* Plaintiffs respectfully submit, however, that the time and effort that the named Plaintiffs have invested applies to the litigation as a whole, and is not specific to any particular defendant. Plaintiffs have not alleged any counts against Slocum only. Slocum is named as a defendant only in Counts I and II, which also includes the Banner Defendants. Doc. 118 ¶¶120–139. By devoting time and effort to the litigation as a whole and the claims against Banner, the named Plaintiffs are necessarily devoting time and effort to litigating the claims against Slocum. Regardless of the Plaintiffs' specific knowledge as to Slocum, the time and effort they have devoted to the litigation as a whole, including the claims against Slocum, shows that they are adequate representatives.

### C.   Plaintiffs have sufficient knowledge regarding Slocum.

In finding that "the named Plaintiffs profess no meaningful knowledge of Slocum's conduct or alleged ERISA violations, nor even any working knowledge of the relationship between Slocum and Banner," the Court relied exclusively on Defendants' hand-picked excerpts attached to Defendants' supplemental brief. Doc. 296 at 26 (citing Docs. 290-1, 290-3, 290-4).

The Court may have overlooked that in *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966), the plaintiff's testimony showed that "she did not understand the complaint at all," had very little "knowledge as to what the lawsuit was about," and did not know the defendants or "the nature of their alleged misconduct." *Id*. at 366. Nevertheless, the Supreme Court held that the lower courts erred in finding the plaintiff inadequate. *Id*. at 366–68, 372–74; *see also Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003); *Baffa v. Donaldson*, 222 F.3d 52, 61 (2d Cir. 2000)(both relying on *Surowitz*).

In any event, testimony omitted by Defendants shows that Plaintiffs do, in fact, have meaningful knowledge of Slocum's role in the case:

Asked what Slocum did with respect to the Plan, Plaintiff McLeod accurately testified that Slocum's role included "[b]eing a fiduciary responsible party to the 401(k) choices of funds, of fees, of distribution of fees." Doc. 252-6 at 14–15 (82:12–83:9); *see* Doc. 118 ¶37. McLeod further testified that her claims against Slocum include whether Slocum's "choices of funds" and "distribution of fees" met the "expected standard of practice" that applies "across the board for companies that have fiduciary responsibility for 401(k)s." Doc. 252-6 at 15–20 (83:10–89:13, 91:10–92:6); *see* Doc. 252 at 4 n.5.

Plaintiff Moffitt understands that Slocum was "charged by Banner; and by law, to act in a fiduciary way, that should have enhanced every one of the investors in the plan, but they failed to do that." Ex. 1 at 78:6–25. He understands that Banner and Slocum are the defendants in the case. *Id*. at 118:17–23.

Plaintiff Ramos understands that Slocum is a defendant. Ex. 2 at 124:15–17. Asked what she understands "the allegations against Jeffrey Slocum & Associates to be," Plaintiff Ramos

accurately testified that: "They were an advisor to Banner Health, were paid fees to be advisors to Banner Health regarding the 401(k) plan." *Id.* at 124:18–22. Plaintiff Williamson testified that Slocum's relationship with Banner was to serve as "the advising board for Banner Health"; *i.e.*, a consultant. Doc. 291-1 at 10 (63:12–22); *see* Doc. 118 ¶37. Plaintiffs Heyrman was not asked any questions about Slocum's role, but when asked who the defendants were, she correctly identified Slocum. Ex. 3 at 22:17–20, word index.

Accordingly, Plaintiffs have sufficient understanding of their claims against Slocum, in general terms. As long as one of these individuals is adequate to represent the class as to those claims, Rule 23(a)(4) is satisfied. *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 n.2 (9th Cir. 2001); *Grasty v. Amalgamated Clothing & Textile Workers Union, AFL-CIO, CLC*, 828 F.2d 123, 128 (3d Cir. 1987).

## CONCLUSION

The Court should partially modify its class certification order and certify Plaintiffs' claims against Slocum.

April 11, 2018                                  Respectfully submitted,

                                               /s/  Jerome J. Schlichter
                                               SCHLICHTER, BOGARD & DENTON LLP
                                               Jerome J. Schlichter
                                               Troy A. Doles
                                               Heather Lea
                                               100 South Fourth Street, Suite 1200
                                               St. Louis, Missouri 63102
                                               (314) 621-6115 Fax: (314) 621-5934
                                               jschlichter@uselaws.com
                                               tdoles@uselaws.com
                                               hlea@uselaws.com
                                               *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2018, I served this document on all parties via the

Court's CM/ECF system.

/s/  Jerome J. Schlichter