IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-2556-WJM-NRN

LORRAINE M. RAMOS, *et al.*,

    Plaintiffs,

v.

BANNER HEALTH, *et al.*,

    Defendants.

---

# ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE TESTIMONY OF THOMAS R. KMAK, AND *SUA SPONTE* REOPENING EXPERT DISCOVERY

---

This case arises out of alleged mismanagement of Defendant Banner Health's ("Banner Health") employee 401(k) plan (the "Plan"). Plaintiffs Lorraine M. Ramos and others ("Plaintiffs") bring this class action against Banner Health, as well as current and former Banner Health employees (together, "Banner Defendants")[1] alleging, among other claims, that Banner Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by causing the Plan to pay excessive recordkeeping fees. (ECF No. 118 ¶¶ 120–30.)

Currently before the Court is Plaintiffs' "Motion to Exclude and Strike the Testimony of Thomas R. Kmak ("Kmak")" (the "Motion"). (ECF No. 308.) For the reasons discussed below, the Motion is granted in part and denied in part, and the

---

[1] Plaintiffs also sued Jeffery Slocum & Associates ("Slocum"). The expert witness testimony at issue offers opinions only on behalf of the Banner Defendants. (ECF No. 308 at 2 n.5.)

Court will *sua sponte* reopen expert discovery to the limited extent discussed below, order Banner Defendants to obtain a supplement from Kmak, and order Banner Defendants to produce certain materials on which Kmak relies.

## I. BACKGROUND

On March 26, 2018, Banner Defendants submitted a rebuttal report by Kmak "to provide opinions related to the reasonableness of the administrative and recordkeeping fees paid by the [Plan] and to examine certain opinions" of Plaintiffs' expert, Martin A. Schmidt. (ECF No. 308 at 3 (internal quotation marks omitted; alterations incorporated).)[2] To assess the reasonableness of the Plan's recordkeeping fees, Kmak first "applied [Fiduciary Benchmarks Insights, LLC's] benchmarking methodology to build a mathematically derived benchmark group for Banner Health." (ECF No. 308-1 at 3.) Based on a group of benchmark plans for each year from 2009–2017, Kmak calculated the 25th and 50th percentile fees of the benchmark group and compared the Plan's fees to those markers. (ECF No. 308 at 3.)

During his deposition, Kmak stated that: (a) the formula for developing the benchmark groups changed over time; (b) as did the constituent plans comprising those groups; and (c) that he had not identified the methodology or parameters used to develop the benchmark groups for each year from 2009–2017. (ECF No. 308-2 at 9.) He did, however, explain that benchmark groups are selected by a committee at his company, Fiduciary Benchmark Insights LLC each year and, once set, the composition of the individual benchmark groups does not change over time. (ECF No. 321 at 7.)

---

[2] All ECF page citations are to the page number in the CM/ECF header, which does not always match the document's internal pagination, particularly in exhibits.

2

He also explained how he selected the appropriate benchmark group for the Plan, specifically with Fidelity as the recordkeeper. (*Id.*; ECF No. 308-1 at 11–14.) At several instances during his deposition, Kmak indicated that he could or would supplement his report. (ECF No. 308-2 at 9, 13.)

Banner Defendants did not provide a supplemental or revised report from Kmak, or any additional documents, through the date of Plaintiffs' reply in support of the Motion, and no party has suggested that Banner Defendants have provided any such report or discovery while the Motion has been pending.

## II. DISCUSSION

At base, the dispute over the admissibility of Kmak's testimony turns on the alleged failure of Banner Defendants to disclose and provide the underlying data on which Kmak's expert opinion relies. Plaintiffs seek to exclude Kmak's report for failure to identify and produce certain materials on which he relied. (ECF No. 308 at 10–14.) They also contend that Kmak's report is "untestable, unverifiable, unreliable, and inadmissible" because Kmak failed "to disclose the data and formulas underlying his benchmark calculations." (ECF No. 308 at 1.) The Court need only address Plaintiffs' first argument.

### A.     Exclusion under Rules 26(a)(2) and 37(c)

Rule 26(a)(2) generally requires an expert witness to provide a written report containing:

>   (i) a complete statement of all opinions the witness will
>   express and the basis and reasons for them;
>   (ii) the facts or data considered by the witness in forming
>   them;

3

> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "The purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D. Colo. 2006). If a party fails to provide information required by Rule 26(a)(2), it may not use the information or witness unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The Court may, instead of or in addition to exclusion, order payment of reasonable expenses, inform the jury of the party's failure, or impose other appropriate sanctions. *Id.*

A court may however allow evidence that violates Rule 26(a) if the violation was justified or harmless. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). While the court need not make explicit findings of substantial justification or harmlessness, the court considers the following factors:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). While the non-moving party has the burden to show that it was

substantially justified in failing to comply with Rule 26(a)(1), "the determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Lobato v. Ford*, 2007 WL 2593485, at *7–8 (D. Colo. Sept. 5, 2007) (quoting *Woodworker's Supply*, 170 F.3d at 993).

**B.     Application**

Plaintiffs contend that Kmak failed to disclose facts and data underlying his opinions, in violation of the Federal Rules of Civil Procedure, making it "impossible for Plaintiffs to adequately depose him." (ECF No. 308 at 5.)  In particular, Plaintiffs argue that failure to provide sufficient information to understand how the benchmark groups were created each year, how Kmak selected the relevant benchmark group, the composition of the benchmark group, and the data provided by Fidelity to Kmak prevented Plaintiffs from adequately deposing Kmak.[3]  Indeed, Kmak testified that there was information on which he relied that was not included in his expert report and recognized that such deficiencies could be remedied by a supplemental report.  As a result of these alleged shortcomings, Plaintiffs held Kmak's deposition open and asked him to supplement or revise his report disclosing the facts and data on which he relied. (ECF No. 308 at 5.)

---

[3] Plaintiffs also claim that they requested Banner Defendants produce the "Statements of Michael O'Connor" or an e-mail from O'Connor, but that Banner Defendants failed to produce the document until the close of Kmak's deposition.  (ECF No. 308 at 5; ECF No. 328 at 6.)  However, Plaintiffs also note that they held the deposition open because they did not have all of the facts and data underlying Kmak's opinion.  Given that Plaintiffs obtained the O'Connor information and the deposition remained open, the Court finds that failure to produce it earlier was harmless, and exclusion is not justified under Rule 37.  *See Jacobsen*, 287 F.3d at 953; Fed. R. Civ. P. 37(c).  Plaintiffs will also have the opportunity to explore this information, if they so choose, during the reopened expert discovery period.

Based on the statements of the parties, Kmak's rebuttal report, and Kmak's deposition, the Court finds that Banner Defendants have not disclosed or provided all of the materials upon which Kmak relied in his report. Nor has Kmak provided the relevant information from which Plaintiffs may evaluate the benchmark groups employed by Kmak as a comparison for Banner Health's Plan fees.

Given this state of affairs, the Court must consider the appropriate course under Rule 37(c). Plaintiffs argue that Banner Defendants' failure to disclose was not harmless, and that as a consequence the Court should strike Kmak's report for failure to comply with Rule 26(a)(2). The Court disagrees. Looking at the four factors identified in *Jacobsen*, the Court first finds that there was some prejudice to Plaintiffs because they were unable to evaluate whether the benchmark group contained the appropriate comparators. However, the report and subsequent deposition provided substantial data on how Kmak arrived at his opinions based on the benchmark group, and some information about how he developed the benchmark group. *See Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (noting that the party knew of the substance of an expert's expected testimony and could depose the expert on the inadequate report).

Prejudice as a result of incomplete or belated disclosure "is easily cured, however, by allowing [a party] to redepose [an expert] about matters relating to [materials not provided with an expert report] and [the expert's] consideration of them." *Dolin v. Contemporary Fin. Solutions, Inc.*, 2009 WL 4730465, at *4 (D. Colo. Dec. 8, 2009). The Court finds that Plaintiffs' concerns could be cured by reopening expert discovery for the limited purpose of allowing Kmak to supplement or revise his rebuttal

report, producing additional facts and data, and reopening Kmak's deposition. *See Gillum*, 309 F. App'x at 270 ("Thus, any prejudice accruing to the [party] from an inadequate opportunity to prepare for the first deposition was capable of being cured.").

Plaintiffs contend that "there is not sufficient time for Plaintiffs to analyze the data, depose Kmak regarding it, or revise their rebuttal reports." When trial is "no longer imminent," a district court may allow more time for discovery without disrupting a scheduled trial. *Jacobsen*, 287 F.3d at 954. Given that no trial date has yet been set, the Court finds that striking Kmak's testimony would result in an injustice to the Banner Defendants, who would be left without a retained expert's testimony on the reasonableness of the Plan's fees. *See Panczner v. Fraser*, 2019 WL 1112385, at *8 (D. Colo. Mar. 11, 2019). The Court finds that the schedule set forth below will allow the parties sufficient time to cure the harm caused by Kmak's inadequate disclosures. Moreover, the Court will take the reopened expert discovery period into account when setting the trial date in the future.

Finally, the Court finds that there is not sufficient evidence to support a conclusion that Banner Health acted in bad faith. Banner Defendants reasonably, if wrongly, believed that they were under no obligation to disclose additional information, facts, or data. The Court thus concludes that, given the opportunity to cure, Banner Defendants' violation of Rule 26 was harmless. *See Jacobsen*, 287 F.3d at 953. Nonetheless,

> [b]y no means do we condone the provision of inadequate expert reports and begrudging snippets of information, and we caution that parties who behave in this manner act to their peril. Under the circumstances of this case, however, the total exclusion of [Kmak's] testimony, which . . . [could]

7

> result[ ] in the grant of summary judgment for [Plaintiffs], [is] too extreme a sanction. See *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992) ("Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." (quotation omitted)).

*Gillum*, 309 F. App'x at 270.

Accordingly, the Court will reopen expert discovery, allow Plaintiffs to depose Kmak for an additional 4 hours, and order Banner Defendants to disclose supplemental rebuttal expert disclosures from Kmak and to produce the following documents:

- The electronic Fidelity Service Data, which was provided to Kmak and identified by Kmak as "recordkeeping service data provided by Fidelity," in the form provided to Kmak or a substantially similar form readable and accessible by Plaintiffs;

- The Plans, Companies, and Recordkeepers in each benchmark group from 2009–2017 used by Kmak as a comparison point for the Plan's fees;

- The names of the companies and recordkeepers previously anonymized in Kmak's report at ECF No. 321-3 at 232–34; and

- Any additional documents relied on by Kmak not already in possession of the Plaintiffs.

Because the Court reopens expert discovery for the limited purpose described above, the Court finds it premature to determine whether Kmak's "undisclosed methodology and data makes opinions untestable, unverifiable, unreliable, and inadmissible." (ECF No. 308 at 6–10.) The Court therefore denies the remainder of Plaintiffs' Motion without prejudice to refiling after the reopened discovery period closes.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion to Exclude and Strike the Testimony of Thomas R. Kmak is GRANTED to the extent that the Court finds that Kmak's disclosures fell short of the Rule 26(a) standard, and DENIED as to the remainder of the Motion;

2. The Court *sua sponte* REOPENS expert discovery for the following limited purposes:

    a. The Banner Defendants will disclose supplemental rebuttal expert disclosures from Kmak on or before **April 30, 2019** which address how he created the benchmark groups from 2009–2017. Consistent with Rule 26(a)(2), Kmak shall disclose all facts and data he considered in forming his supplemental expert report;

    b. In addition, the Banner Defendants must produce to the Plaintiffs the following documents or information by **April 30, 2019**:

        i. The electronic Fidelity Service Data, which was provided to Kmak and identified by Kmak as "recordkeeping service data provided by Fidelity," in the form provided to Kmak or a substantially similar form readable and accessible by Plaintiffs;

        ii. The Plans, Companies, and Recordkeepers in each benchmark group from 2009–2017 used by Kmak as a comparison point for the Plan's fees; and

        iii. The names of the companies and recordkeepers previously

anonymized in Kmak's report (ECF No. 321-3 at 232–34); and

  iv. Any additional documents relied on by Kmak not already in possession of Plaintiffs.

c. Plaintiffs may reopen Kmak's deposition and depose Kmak for an additional 4 hours on or before **May 21, 2019**; and

d. To the extent that Plaintiffs have already provided a rebuttal report to Kmak, Plaintiffs may revise that rebuttal report and provide it to the Banner Defendants on or before **June 10, 2019**.

Dated this 29th day of March, 2019.

BY THE COURT:

William J. Martinez
United States District Judge