# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 15-cv-2556-WJM-NRN

LORRAINE M. RAMOS, *et al.*,

      Plaintiffs,

v.

BANNER HEALTH, *et al.*,

      Defendants.

---

## ORDER GRANTING MOTION TO STRIKE JURY DEMAND

---

Plaintiffs Lorraine M. Ramos and others ("Plaintiffs") bring this lawsuit against Defendant Banner Health and several of its officers (collectively, "Banner") and Jeffrey Slocum & Associates, Inc. ("Slocum") (together, "Defendants") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101 *et seq.*, by way of mismanagement of the Banner employee 401(k) plan (the "Plan"). (ECF No. 118.)  Plaintiffs' complaint includes a demand for a jury trial under Rule 38 and the United States Constitution.  (*Id.* ¶ 158.)  Currently before the Court is Defendants' Motion to Strike Plaintiffs' Jury Demand (the "Motion").  (ECF No. 339.) For the reasons discussed below, the Motion is granted.

## I.  BACKGROUND

Plaintiffs claim that Defendants breached their fiduciary duties under ERISA by providing imprudent investment options and allowing the Plan to pay excessive administrative and recordkeeping fees.  (ECF No. 339 at 8; ECF No. 340 at 1.)

Plaintiffs assert claims under certain subsections of ERISA's civil enforcement provisions, ERISA § 502(a), 29 U.S.C. § 1132(a). Subsection (a)(3) allows a plan participant, beneficiary, or fiduciary to enjoin any act or practice that violates ERISA's enforcement provisions or the terms of the plan, or to obtain "other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). Subsection (a)(2) permits a participant, beneficiary, or fiduciary "to seek appropriate relief under [ERISA § 409, 29 U.S.C. § 1109]," which in turn provides that any fiduciary who breaches its responsibilities, obligations, duties "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." 29 U.S.C. §§ 1109(a), 1132(a)(2).

Plaintiffs' prayer for relief asks the Court to:

- find Defendants "personally liable to make good to the Plan all losses to the Plan resulting from Defendants' breaches of fiduciary duties or prohibited transactions, and to otherwise restore the Plan to the position it would have occupied but for the breaches of fiduciary duty," mirroring the language of ERISA § 409(a);

- find that Defendants breached their fiduciary duties;

- determine the method by which to calculate losses to the Plan;

- have Defendants provide any accounting necessary to provide the Plan with complete remedies;

- order Defendants to disgorge all sums of money received from their use of assets of the Plan;

- impose a constructive trust on funds that unjustly enriched Defendants;

- remove fiduciaries who have breached their duties or enjoin them from future breaches of ERISA;

- surcharge against Defendants and in favor of the Plan all amounts involved in any improper transactions;

- order equitable restitution against Defendants; and

- award attorneys' fees and costs, order payment of interest, and grant "any other and further equitable or remedial relief, as the Court deems appropriate."

(ECF No. 118 at 76–78.)  Defendants characterize the relief sought by Plaintiffs as "inherently equitable" (ECF No. 339 at 8), whereas Plaintiffs describe it as seeking recovery of "the Plan's losses resulting from each breach of fiduciary duty and certain non-monetary relief" (ECF No. 340 at 1).

## II.  DISCUSSION

Generally when a plaintiff makes a jury demand in accordance with Rule 38, all issues must be tried by a jury unless, as applicable here, "the court, on motion . . . , finds that on some or all of those issues there is no federal right to a jury trial."  Fed. R. Civ. P. 39(a)(2); *see* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.").

Because ERISA does not grant a statutory right to a jury trial, *see Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1158 (10th Cir. 1998), Plaintiffs' jury

demand is dependent on the Seventh Amendment's guarantee of a jury trial for "suits at common law," U.S. Const. Amend. VII. The right to a jury trial applies only when legal rights, not equitable rights, are at issue. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564–65 (1990).

To determine whether a particular right is legal or equitable, courts "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* at 565 (citing *Tull v. United States*, 481 U.S. 412, 417 (1987)). Courts first examine the nature of the issues or claims involved, then determine whether the remedy sought is legal or equitable in nature. *Id.*; *Adams*, 149 F.3d at 1159. The nature of the remedy sought is the "more important" factor. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989); *Adams*, 149 F.3d at 1159. Whether an ERISA defendant breached its fiduciary duty is "an issue traditionally within the Court's equitable domain." *In re YRC Worldwide*, 2010 WL 4920919, at *5 (D. Kan. Nov. 29, 2010).

## A.    Are the Claims Legal or Equitable in Nature?

Plaintiffs' claims are equitable, not legal, in nature. *See Adams*, 149 F.3d at 1161. The Supreme Court has determined that "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). An "ERISA action is analogous to a trust action and therefore equitable in nature." *Adams*, 149 F.3d at 1161. Plaintiffs sue Defendants for alleged fiduciary breaches, and seek to recover the Plan's losses resulted from those breaches. Thus, Plaintiffs claims for breach of fiduciary duty

are the kind of claims that would have been brought in a court of equity, not a court of

law.  *See Mertens*, 508 U.S. at 256.

Plaintiffs' briefing on the Motion primarily focuses on the nature of relief and not

the nature of the claim, and does not seriously dispute that their claims are equitable in

nature.  (ECF No. 340 at 5–7.)  Defendants interpret Plaintiffs' arguments as "effectively

conced[ing]" that the claims are equitable in nature.  (ECF No. 341 at 6–7.)  Given the

implied concession of Plaintiffs and the foregoing discussion, the Court agrees with

Defendants that Plaintiffs' claims are equitable in nature.

**B.      Are the Remedies Sought Legal or Equitable in Nature?**

While monetary relief is generally a legal remedy, there are two exceptions to

that general rule.  *Adams*, 149 F.3d at 1161.  "An award of money damages may be

considered an equitable rather than legal remedy if (1) the monetary award is incidental

to or intertwined with injunctive relief; or (2) the damages are restitutionary such as in

actions for disgorgement of improper profits."  *Id.* (citations and internal quotation marks

omitted).  Indeed, the Supreme Court has recognized that in the context of ERISA, "the

fact that . . . relief takes the form of a money payment does not remove it from the

category of traditionally equitable relief."  *CIGNA Corp. v. Amara*, 563 U.S. 421, 441

(2011) ("*Amara*"); *see also Teets v. Great-West Life & Annuity Ins. Co.*, ___ F.3d ___,

2019 WL 1372319, at *17 (10th Cir. Mar. 27, 2019).  In *Amara*, the Court reasoned that

"equity courts possessed the power to provide relief in the form of monetary

'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the

trustee's unjust enrichment" and thus upheld the district court's injunction that required

the plan administrator to pay already-retired beneficiaries money owed to them under a reformed plan. 563 U.S. at 441.

The majority of the remedies sought by Plaintiffs—(a) declaration that Defendants breached their fiduciary duties; (b) any accounting necessary to determine losses to the Plan or profits gained by Defendants; (c) disgorgement of all money received from use of Plan assets; (d) a constructive trust; (e) removal of fiduciaries who breached their duties; (f) surcharge against Defendants; and (g) equitable restitution—are clearly equitable in nature. The parties dispute, however, whether Plaintiffs' request for monetary relief—specifically, for Defendants to be held "personally liable to make good to the Plan all losses to the Plan resulting from Defendants' breaches of fiduciary duties or prohibited transactions, and to otherwise restore the Plan to the position it would have occupied but for the breaches of fiduciary duty" (ECF No. 118 at 76–77)—is equitable or legal in nature. (ECF No. 339 at 11–17; ECF No. 340 at 5–7.)

The Tenth Circuit has repeatedly held that ERISA claims and remedies are inherently equitable in nature. *Teets,* ___ F.3d ___, 2019 WL 1372319, at *18 ("As we have explained, under § 502(a)(3), legal restitution is not available for ERISA claims."); *Bigley v. CIBER, Inc. Long Term Disability Coverage*, 570 F. App'x 756 (10th Cir. 2014); *Hart v. Capgemini U.S. LLC Welfare Ben. Plan Admin. Document*, 547 F. App'x 870, 873 (10th Cir. 2013); *Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345, 1355–56 (10th Cir. 2009); *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1260 (10th Cir. 2004); *Adams*, 149 F.3d at 1161. *See also Berger v. SSM Health Care of*

*Okla., Inc.*, 2015 WL 2455459, at *1 (W.D. Okla. May 22, 2015); *In re YRC Worldwide, Inc. ERISA Litig.*, 2010 WL 4920919, at *1, 5; *McKinnon v. Doyle & Linda, Inc.*, 2009 WL 1619951, at *1 (N.D. Okla. June 9, 2009); *Zack v. Hartford Life & Accident Ins. Co.*, 2002 WL 538851, at *5 (D. Kan. Mar. 20, 2002); *Swearingen v. Honeywell, Inc.*, 189 F. Supp. 2d 1189, 1197 (D. Kan. 2002). Other circuit courts have similarly concluded that no right to a jury trial exists in an ERISA action. (ECF No. 339 at 7–8 n. 3 (citing cases).)

Here, Plaintiffs' claim for a monetary award depends on a finding that Defendants breached their fiduciary duties, an issue within the Court's equitable domain. *See Adams*, 149 F.3d at 1161–62; *In re YRC Worldwide*, 2010 WL 4920919, at *5. "Absent a favorable ruling" on the claim that Defendants breached their fiduciary duties "Plaintiffs have no claim for money damages." *See Adams*, 149 F.3d at 1161–62. This weighs heavily in favor of finding that an award of money damages is intertwined with the injunctive relief sought. *Id.*

Plaintiffs contend, however, that their request that Defendants "make good to the Plan all losses to the Plan" asks for "nothing other than compensatory *damages*" recoverable only from Defendants' general assets. (ECF No. 340 at 5 (emphasis in original).) Plaintiffs argue that an equitable remedy is "as a general rule, directed against some specific thing" and not against a defendant's general assets, and thus their request for recovery from Defendants' general assets is inherently legal in nature. (*Id.*) *See Montanile v. Bd. of Trustees of Nat'l Elevator Industry Health Benefit Plan*, 136 S. Ct. 651, 660 (2016). The only post-*Montanile* district court decision in the Tenth

Circuit to discuss *Montanile*'s impact found arguments similar to Plaintiffs'

unpersuasive. *Gernandt v. SandRidge Energy Inc.*, 2017 WL 3219490, at *12 (W.D.

Okla. July 28, 2017). In *Gernandt*, the court struck a jury demand in an ERISA action

stating that "although the Court is mindful of *Montanile*'s general holding, it is not clear

that the Court's holding was meant to overturn the well-established precedent regarding

the right to a jury trial under the claims asserted here." *Id.* The Court finds that

reasoning persuasive here.

Plaintiffs also rely on the Supreme Court's decision in *Great-West*, which they

contend "reconfigured the legal landscape of restitution," and *Cunningham*, a district

court case from the Second Circuit which drew on *Great-West* to conclude that claims

similar to those brought by Plaintiffs—monetary relief for overpayment of fees—were

legal in nature and would be tried by a jury. (ECF No. 340 at 9 (quoting *Cunningham v.

Cornell Univ.*, 2018 WL 4279466, at *2 (S.D.N.Y. Sept. 6, 2018)).)[1] *See Great-West

Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002); *Cunningham*, 2018 WL

4279466, at *2. In *Great-West*, the Supreme Court stated that "for restitution to lie in

equity, the action generally must seek not to impose personal liability on the defendant,

but to restore to the plaintiff particular funds or property in the defendant's possession."

534 U.S. at 214. Relying on this statement and *Cunningham*, Plaintiffs explain that

because they seek to impose personal liability on Defendants for monetary damages

under ERISA § 1132(a)(2), their claim is legal in nature and entitles them to a jury trial

---

[1] *See* Dana Muir, From Schism to Prism: Equitable Relief in Employee Benefit Plans, 55 Am. Bus. L.J. 599, 599 (2018) (arguing that since 2002, "the Supreme Court slowly and subtly has been shifting its approach to equitable relief in benefits cases").

on those claims.  (ECF No. 340 at 6–7.)

*Cunningham* is not as persuasive as Plaintiffs contend.  The decision recognizes a split of authority within its own district on "whether a claim for compensatory damages for breach of fiduciary duty requires the empanelment of a jury."  2018 WL 4279466, at *4.  Moreover, *Cunningham* relied heavily on the Second Circuit's interpretation of *Great-West* in *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2005), and explicitly acknowledged that "[t]he *Pereira* court may have over-read *Great-West* in applying its dictum to the issue of the right to trial by jury under the Seventh Amendment."  *Id.* at *3–4.  The *Cunningham* court recognized that "unless and until the case is overruled or clear Supreme Court precedent intervenes, this Court must follow it."  *Id.* at 4.  In addition, neither *Cunningham* nor *Pereira* is binding on this Court.  Nor have Plaintiffs cited any Tenth Circuit decision which interprets *Great-West* in the same expansive way as the Second Circuit did in *Pereira*.

Though Plaintiffs present a variety of arguments for discounting or departing from the Tenth Circuit's prior cases construing subsections (a)(1) and (a)(3) of ERISA's enforcement provisions in applying subsection (a)(2), Plaintiffs have not presented a persuasive reason for doing so in this case.  Absent a compelling reason to depart from precedent and the great weight of authority in other circuits, the Court finds that the nature of relief sought by Plaintiffs is equitable in nature.  Thus, the Court concludes that Plaintiffs seek to enforce equitable rights and do not have a right to a jury trial under the Seventh Amendment.

### III.  CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion to

Strike Jury Demand (ECF No. 339).

Dated this 10th day of April, 2019.

BY THE COURT:

William J. Martinez
United States District Judge