IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-2556-WJM-NRN

LORRAINE M. RAMOS, *et al.*,

    Plaintiffs,

v.

BANNER HEALTH, *et al.*,

    Defendants.

---

**ORDER GRANTING DEFENDANT SLOCUM'S MOTION *IN LIMINE* AND
DENYING PLAINTIFFS' MOTION *IN LIMINE***

---

Plaintiffs Lorraine M. Ramos and others ("Plaintiffs") bring this lawsuit against Banner Health and certain current and former employees (together "Banner Defendants") and Jeffrey Slocum & Associates, Inc. ("Slocum") (collectively, "Defendants") alleging breach of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101, *et seq.*

Currently before the Court is Slocum's Motion *In Limine* to Exclude Irrelevant Evidence Concerning Unrelated SEC Order ("Slocum's MIL") and Plaintiffs' Motion *In Limine* To Preclude Banner From Calling Michael Frick as a Trial Witness ("Plaintiffs' MIL"). (ECF Nos. 398 & 398.) For the reasons explained below, Slocum's MIL is granted and Plaintiffs' MIL is denied.

### I. ANALYSIS

A motion *in limine* allows a court to decide evidentiary issues in advance of trial to avoid delay and ensure "an evenhanded and expeditious trial." *Dry Clean Super Ctr.,*

*Inc. v. Kwik Indus., Inc.*, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012).

A. **Slocum's MIL (ECF No. 398)**

Slocum moves to exclude a February 8, 2017 Securities and Exchange Commission ("SEC") Order imposing remedial sanctions on Slocum and its founder. (ECF No. 398 at 1–2.) The SEC Order concerns misleading statements in Slocum's marketing materials between 2011 and 2014 about, as relevant here, its gift policy. (*Id.*; ECF No. 398-1 at 3.)

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. While relevant evidence is generally admissible at trial, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Plaintiff makes two arguments about the relevance of the SEC Order. First, Plaintiffs contends that Banner and Slocum both accepted gifts by "regularly attending Fidelity purchased dinners and outings to major sporting events," and that these relationships caused "substantial harm to the Plan" by causing Banner and Slocum to maintain the status quo Plan fees and to retain underperforming investment funds. (ECF No. 402 at 3.) Although Plaintiffs allege that Banner engaged in this wrongful conduct, there is no apparent connection between Banner's alleged conduct and the SEC Order. Second, Plaintiffs argue that Slocum made misleading statements to Banner about its gift policy, and those same statements are the subject of the SEC

Order. Plaintiffs posit that had Banner properly performed its due diligence when looking to renew its contract with Slocum in 2014, it should have discovered the conduct described in the SEC Order. (*Id.* at 2; ECF No. 372 at 4.)

Plaintiffs relevancy arguments are thin. The Court is not convinced that the SEC Order makes it "more or less probable" that Slocum engaged in "tainted behavior" by accepting gifts from Fidelity. *See* Fed. R. Evid. 401(a). Moreover, the Court is hard-pressed to see how a 2017 SEC Order about misleading marketing materials is evidence that Banner could have discovered Slocum's misleading statements with respect to their employees' acceptance of gifts of less than $100 or other gifts in violation of the company's written policy.

Plaintiffs argue that excluding evidence under Rule 403 in a bench trial is improper because there is no risk of unfair prejudice. (ECF No. 402 at 4.) However, other Rule 403 concerns, such as wasting time and undue delay, are still proper considerations for the Court in a bench trial. "Although the Tenth Circuit has opined that excluding evidence in a bench trial under Rule 403 is improper as a general matter, the issues here remove this case from that general principle. Importantly, the general rule focus[es] primarily on the danger of unfair prejudice, whereas here, the main reason behind the [Defendant's] motion is that the evidence would waste time 'without appreciable benefit.'" *Union Pac. R.R. Co. v. Utah State Tax Comm'n*, 2019 WL 5637100, at *3 (D. Utah Oct. 31, 2019). Here, introduction of the SEC Order would focus the parties on the issue of whether Slocum generally accepted gifts, rather than if Slocum employees accepted gifts from Fidelity and whether those gifts (if any) influenced their recommendations about the Plan. Moreover, Plaintiffs can easily elicit

3

what Banner knew about Slocum and its gift policy when the parties signed the 2014 contract without relying on the SEC Order. Introduction of the SEC Order will only serve to waste time without appreciable benefit. The Court will thus grant Slocum's MIL and exclude the SEC Order under Rule 403.

**B.      Plaintiffs' MIL (ECF No. 399)**

Plaintiffs move to bar Banner from calling Michael Frick as a witness on the grounds that Banner failed to disclose Frick in its Federal Rule of Civil Procedure 26 initial disclosures or supplemental disclosures ("Rule 26 disclosures") as an individual Banner may use as a witness to support its defenses. Plaintiffs contend that because Banner's failure to disclose Frick as a witness was not "substantially justified" or "harmless," Frick should be prohibited from testifying at trial. *See* Fed R. Civ. P. 37(c)(1). In particular, Plaintiffs argue that allowing Banner to use Frick as a witness would prejudice Plaintiffs, who had "no opportunity to depose Mr. Frick." (ECF No. 399 at 3.)

"Rule 26(a)(1) disclosures are designed to accelerate the exchange of basic information and 'help focus the discovery that is needed, and facilitate preparation for trial or settlement.'" *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (quoting advisory comm. note to 1993 amendments to Fed. R. Civ. P. 26(a)). The Advisory Committee Notes on Rule 26 further instructs that "litigants should not indulge in gamesmanship with respect to disclosure obligations." Fed. R. Civ. P. 26 advisory comm. note.

To determine whether a violation of disclosure obligations was justified or harmless, the court may consider "(1) the prejudice or surprise to the party against

4

whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

There is no dispute that Banner did not identify Frick in its Rule 26 disclosures. Nor does Banner even attempt to justify its omission of Frick from its Rule 26 disclosures. Banner's evident failure to undertake its discovery obligations seriously and identify Frick in its Rule 26 disclosures is troublesome to the Court.

Despite Banner's failures, the Court finds that, weighing the *Jacobsen* factors, Banner's violation was harmless under the circumstances. The Court finds that the first factor weighs against Plaintiffs because they cannot claim surprise, and any prejudice from Plaintiffs' failure to depose Frick is due in great part to Plaintiffs' choice to wait over eight months, until the eve of trial, to move to exclude Frick.

As Banner observes, Frick is not a "mere 'undisclosed witness,'" but a named defendant. (ECF No. 401 at 2.) Indeed, Plaintiffs themselves identified Frick as an individual likely to have discoverable information in their *own* Rule 26 initial disclosures dated January 15, 2016. (ECF No. 401-1 at 4.) The idea that Plaintiffs would be surprised or prejudiced by Frick's participation in his own defense is, frankly, absurd. *See Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 2014 WL 2933189, at *4 (D. Colo. June 30, 2014) (finding "no prejudice or surprise to Plaintiff because Plaintiff itself initially disclosed the witnesses and because Plaintiff therefore must have had information about the relationship of these individuals to the events at hand"). Moreover, because Plaintiffs knew of Frick and his role at Banner from the

5

commencement of the lawsuit, they could have elected to depose him at any time. *See id.* (finding no "prejudice in the fact that Plaintiff chose not to depose or otherwise garner discovery from its own potential witnesses").

Plaintiffs also failed to seek Frick's deposition once Banner listed him as a "will call" witness in the April 10, 2019 Amended Final Pretrial Order. (*See* ECF No. 368.) At that point, Plaintiffs should have realized Banner's failure to list Frick and their own failure to depose Frick, and moved to cure any resulting prejudice. Instead, Plaintiffs did nothing for eight months, until they moved to exclude Frick from testifying at trial. Plaintiffs suggest that they did not seek to reopen discovery after the Amended Final Pretrial Order because the Court made clear in August 2018 that it would not invite the parties to reopen fact discovery. (ECF No. 399 at 4.) This argument is unavailing. First, it overstates the Court's August 2018 Order, which merely stated that the Order "should **not** be treated as an invitation to the Parties to ask the Court to reconsider any other already-decided discovery issue, re-open fact discovery, or compel additional fact discovery." (ECF No. 333 at 16.) The Court did not preclude Plaintiffs from raising legitimate discovery issues arising after August 2018. Moreover, Plaintiffs ignore the fact that when they presented the Court with a potential Rule 26 violation and Rule 37 sanction, the Court ordered discovery reopened for a limited purpose in March 2019. (ECF No. 360.)

Plaintiffs could have raised this issue months ago—when they could have reasonably had time to take Frick's belated deposition—but failed to do so. They cannot now claim "surprise" on the eve of trial to gain a litigation advantage. *See*

*Lobato v. Ford*, 2007 WL 2593485, at *8 (D. Colo. Sept. 5, 2007) ("[S]ome of the 'surprise' that [moving party] now decries could have been avoided by a more timely invocation of the Federal Rules. . . . It is not unreasonable to expect an aggrieved party to seek judicial intervention in a timely manner."); *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order . . . .").

As for the second factor, Plaintiffs suggest that there is "no way to cure the prejudice." (ECF No. 399 at 4.) The Court agrees that it is too late to reopen discovery to depose Frick. However, what little (if any) prejudice there is to cure is, in great part, of Plaintiffs' own making. Had Plaintiffs raised this issue eight months ago, shortly after the Amended Final Pretrial Order was entered, Plaintiffs could have cured any alleged prejudice resulting from the late disclosure. Having waited until the eve of trial, Plaintiffs have effectively denied themselves the opportunity to depose Frick. Thus, the fact that there is "no way to cure the prejudice" is due to Plaintiffs' litigation strategy.

Moreover, allowing Banner to present Frick's testimony at trial will not significantly disrupt the trial. The Court will not move the trial date. Although Plaintiffs express concern that they must present their case "without knowledge of how Mr. Frick might testify" (ECF No. 399 at 3), this lack of knowledge results from their own strategic decision not to depose Frick, despite naming him as a defendant in the lawsuit and identifying him in their Rule 26 initial disclosures.

Finally, on the fourth factor of bad faith or willfulness, Plaintiffs have only hinted that Banner acted in bad faith, by claiming that Banner had "no valid justification for not timely disclosing Mr. Frick." (ECF No. 399 at 4.) Plaintiffs have not offered any

evidence that would demonstrate that Banner's failure to comply was the product of bad faith or willfulness. However, Banner has not even attempted to explain why Frick was not listed in its Rule 26 disclosures or claim that it acted in good faith. This factor weights slightly in favor of Plaintiffs.

Taking into account the various factors, the Court finds that even if Banner did not act in good faith with its disclosures, Plaintiffs could have raised the issue of Frick as a trial witness long ago and that Plaintiffs cannot claim surprise or prejudice at this late point in the litigation. The Court thus concludes that Banner's failure to disclose Frick was harmless, and the Court denies Plaintiffs' MIL. Frick may testify at trial.

## II. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Slocum's Motion *in Limine* (ECF No. 398) is GRANTED; and
2. Plaintiffs' Motion *in Limine* (ECF No. 399) is DENIED.

Dated this 26th day of December, 2019.

BY THE COURT:

William J. Martinez
United States District Judge