IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2556-WJM-NRN

LORRAINE M. RAMOS et al.,

    Plaintiffs,

v.

BANNER HEALTH et al.,

    Defendants.

**BANNER DEFENDANTS' MOTION TO RESTRICT**

The Banner Defendants ("Banner") respectfully move under D.C.COLO.LCivR 7.2 for an order imposing a Level 1 restriction on Exhibit A to their Opposition to Plaintiffs' Motion for Attorney Fees and Costs. In support of this motion, Banner states as follows:

1.    On June 19, 2020, Plaintiffs filed a Motion for Attorney Fees and Costs, and for an Award to the Class Representatives. Dkt. 478. In support of the motion, Plaintiffs' counsel submitted a spreadsheet of time entries (the "Attorney Work Records"). Dkt. 479. For each time entry, the Attorney Work Records "include[] the date, the identity of the attorney that performed the work ('Timekeeper'), the amount of time recorded, a narrative description of each task performed that was authored by the assigned attorney, and a code assigned to each individual attorney based on his or her classification (i.e. years of experience)." Dkt. 486 at 2.

2.    Plaintiffs have moved to restrict public access to the Attorney Work Records on the ground that they contain "protected and privileged material that, if disclosed, would harm Plaintiffs' counsel." Dkt. 486 at 1. They propose to file the Attorney Work Records on

1

the public docket in redacted form, redacting the column containing the narrative of the work associated with each time entry. *Id.* at 3.

3.	Banner wishes to file a version of the Attorney Work Records as Exhibit A to its memorandum in opposition to Plaintiffs' fee motion. This exhibit is a highlighted version of the Attorney Work Records filed by Plaintiffs, identifying time entries to which Banner objects and that should be excluded from any fee award.

4.	Banner takes no position on whether the Attorney Work Records warrant restriction under D.C.COLO.LCivR 7.2. But if the Court grants Plaintiffs' motion to restrict the Attorney Work Records from public access, the exhibit that Banner wishes to file should be restricted in the same manner, as the two documents contain the same substantive information. Banner has filed on the public docket a version of its Exhibit A that redacts the same column that Plaintiffs seek to redact in the Attorney Work Records.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion to Restrict if it grants Plaintiffs' pending Motion to Restrict (Dkt. 486).

Dated: July 10, 2020					Respectfully submitted,

Linda L. Siderius
Meghan Elizabeth Pound
Caplan & Earnest, LLC
1800 Broadway
Suite 200
Boulder, CO 80302
(303) 443-8010
lsiderius@celaw.com
mpound@celaw.com

/s/ *Margaret H. Warner*
Margaret H. Warner
Jennifer B. Routh
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
mwarner@mwe.com
jrouth@mwe.com

*Counsel for the Banner Defendants*

3

DM_US 170185472-1.106759.0011

## CERTIFICATE OF SERVICE

I certify that on July 10, 2020, I electronically filed the foregoing through the CM/ECF system.

/s/ *Margaret H. Warner*
Counsel for the Banner Defendants
