IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| LORRAINE M. RAMOS, et al. | |
| Plaintiffs, | Case No.: 1:15-cv-02556 |
| v. | Honorable William J. Martinez |
| BANNER HEALTH, et al., | Magistrate Judge N. Reid Neureiter |
| Defendants. | |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This litigation arose out of claims involving alleged breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, against Jeffrey Slocum & Associates, Inc. ("Slocum") and a set of Banner Health Defendants, in connection with the operation of the Banner Health 401(k) Plan (the "Plan"). Slocum previously served as the Plan's investment consultant and a fiduciary pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21)(A)(ii).

Presently before the Court for final approval is a settlement (the "Settlement") of Plaintiffs' claims against Slocum (together, Slocum and Plaintiffs are referred to herein as the "Settling Parties"). The material terms of the Settlement are set out in the Settling Parties' Settlement Agreement. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

Wherefore, this ____ day of _____, 2020, upon consideration of Plaintiffs' motion for final approval of the **Settlement Agreement** in the above matter, the Court hereby orders and adjudges as follows:

1.      **Class Certification:**  The Court confirms that the Class certified for settlement purposes only[1] under Fed. R. Civ. P. 23(b)(1) is appropriate, and the Court certifies the following non-opt-out Class: "The Class Representatives and all current participants and beneficiaries of the Banner Health Employees 401(k) Plan as of the date that the Court enters the Preliminary Approval Order, excluding Defendants."

2.      **Class Representatives:**  The Court confirms the appointment of Plaintiffs Lorraine Ramos, Delri Hanson, Linda Heyrman, Karen McLeod, Robert Moffitt, Constance Williamson, and Cherlene Goodale as the Representatives for the Settlement Class.

3.      **Class Counsel:**  The Court confirms the appointment of Schlichter Bogard & Denton as Counsel for the Settlement Class.  Under Fed. R. Civ. P. 23(g), the Court has considered: (a) the work Settlement Class Counsel has done in identifying or investigating potential claims in this Action; (b) Settlement Class Counsel's experience in handling class actions and other complex litigation; (c) Settlement Class Counsel's knowledge of the applicable law; and (d) the resources Settlement Class Counsel has committed to representing Plaintiffs and the Settlement Class.  Based on these factors, the Court finds that Settlement Class Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class with respect to the Settlement.

4.      **Findings Regarding Notice of Settlement:**  The Court finds as follows:

a.      In accordance with the Court's Preliminary Approval Order, and as reflected in the information from the Settlement Administrator, Settlement Notices were timely

---

[1] The Court's certification of a Class pursuant to the terms of the Class Action Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Slocum that (except for the purposes of the settlement) this Action is appropriate for class treatment under Federal Rule of Civil Procedure 23, or any similar federal or state class action statute or rule, for litigation purposes.

distributed by electronic mail to all Class Members who had a current email address known to the Plan's recordkeeper, Fidelity, and/or Banner Health.

  b. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.* ("CAFA"), a separate notice of the Settlement ("CAFA Notice") was provided by Slocum via the Settlement Administrator to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

  c. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with the Federal Rules of Civil Procedure and the requirements of due process under the United States Constitution.

  d. All requirements of CAFA have been met, and Slocum has fulfilled its obligations under CAFA.

  5. **Approval of Settlement:** Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement Agreement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action, based on the following findings of fact, conclusions of law, and determination of mixed fact/law questions:

  a. The Settlement Agreement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    b.  The Settlement Agreement was negotiated only after the Settling Parties engaged in extensive litigation and discovery, and on the eve of trial, and Class Counsel has received extensive and pertinent information and documents from Slocum;

    c.  The Settling Parties were well positioned to evaluate the value of the Class Action;

    d.  If the Settlement Agreement had not been achieved, both Plaintiffs and Slocum faced the expense, risk, and uncertainty of extended litigation;

    e.  The amount of the Settlement — $500,000 — is fair, reasonable, and adequate;

    f.  The Plan of Allocation is fair, reasonable and adequate;

    g.  At all times, the Class Representatives have acted independently;

    h.  The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

    i.  Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement, including to the proposed Plan of Allocation, any requested Attorneys' Fees and Costs, or the Class Representatives' Compensation, to the Court;

    j.  There were no objections to the Settlement; and

    k.  The Settlement Agreement was reviewed by an Independent Fiduciary, Newport Retirement Services, who has approved the Settlement Agreement on behalf of the Plan.

  6.  **Final Approval Granted:** The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable

and adequate to the Plan and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

7.      **Dismissal of the Action:**  The operative Complaint and all claims asserted therein, whether asserted by the Class Representative on her own behalf or on behalf of the Class Members, or on behalf of the Plan, are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement Agreement and in this Final Approval Order.

8.      **Final Injunction:**  The Court rules as follows:

a.      Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be: (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members received notice of the Settlement, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

b.      The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys,

predecessors, successors, and assigns) on behalf of the Plan shall be: (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims.

9. **Release of Claims:** The Class Members and the Plan hereby settle, release, relinquish, waive and discharge any and all of the Released Claims, including but not limited to any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

10. **Release of Claims Related to the Settlement:** Each Class Member shall release the Released Parties, Slocum's Counsel, and Class Counsel from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net

Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

11. **Class Counsel Attorneys' Fees and Costs and Class Representative Compensation:** The Court awards Class Counsel Attorneys' Fees and Costs in the amount of $174,866.40, to be paid from the Gross Settlement Amount. The Court awards each Class Representative $2,500 as Class Representative Compensation, to be paid from the Gross Settlement Amount.

12. **Jurisdiction:** The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Slocum, the Plan and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement Agreement. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, shall be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

13. **Settlement Administrator Authority/Plan of Allocation:** The Court rules as follows:

   a. The Settlement Administrator shall have final authority to determine the amount of the Net Settlement Amount and to transmit such amount to the Plan's recordkeeper to be used to offset the Plan's recordkeeping fees, pursuant to the Plan of Allocation discussed in Article 6 of the Settlement Agreement, which the Court finds to be fair and reasonable.

14. **Final and Binding:** Upon the Effective Date of this Final Approval Order, all Settling Parties, Class Members and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

15. **No Admission of Liability or Wrongdoing:** Under no circumstances shall this Order, the Settlement Agreement and its exhibits, or any of their terms and provisions, the negotiations and proceedings connected therewith, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against Slocum or Released Parties of any fault, wrongdoing, breach or liability.

16. **Null and Void if Final Approval Order Does Not Become Effective:** If this Final Approval Order does not become Effective, this Order and Judgment shall be null and void and shall be vacated *nunc pro tunc* and Article 10 of the Settlement Agreement shall govern the rights of the Settling Parties thereto.

IT IS SO ORDERED:

DATED: _____, 2020

                                                  Hon. William J. Martinez
                                                  United States Chief District Court Judge